UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 505 SFD, LLC,<br><br>             Plaintiff,<br><br>       v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>             Defendant. | Case No. 24-cv-01751-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

Now before the Court is defendant's motion to dismiss plaintiff's claims for rent abatement, attorney's fees, and prejudgment interest. Dkt. No. 21. Pursuant to Civil Local Rule 7-1(b), the Court found this matter appropriate for resolution without oral argument and vacated the hearing set for October 4, 2024.

**BACKGROUND**

Plaintiff 505 SFD, LLC owns 505 Sir Francis Drake Boulevard (the "Premises"), a commercial property in Greenbrae, California. Dkt. No. 1 ("Compl.") ¶ 2. First Republic Bank ("the Bank") leased the Premises from plaintiff beginning on January 4, 2023. *Id*. ¶ 5-7. The lease was set to expire approximately 10 years later. *Id.* ¶ 7. However, on May 1, 2023, the Commissioner of Financial Protection and Innovation of the State of California closed the Bank and appointed defendant, Federal Deposit Insurance Corporation ("FDIC"), as the Bank's receiver. *Id* ¶ 8. As a result, FDIC assumed the Bank's responsibilities, including the lease of the Premises. *Id*.

Plaintiff attaches the lease agreement to the complaint. *Id*., Ex. A. Relevant here are Articles

3.1, 4.1, 13.1, 18, and 19. Article 3.1 lists the monthly rent as $23,000.00 and outlines a $69,000.00 "Rent Abatement" and a "Rent Abatement Period." Compl. Ex. A. at 5. Article 4.1.3 explains which party pays each tax. *Id*. at 6. Article 13.1 obligates the tenant to pay for utilities. *Id*. at 11. Article 18 defines events that constitute a default. *Id*. at 13-14. Article 19 lists the remedies if a default occurs. *Id*. at 14-15. Article 19.7 permits either party who prevails in an action arising out of or in connection with the lease to recover reasonable attorney's fees and costs. *Id*. at 15.

Plaintiff alleges defendant, as receiver, was obligated to pay the full amount of monthly rent due under the lease and has failed to do so, thus breaching the agreement. Compl. ¶¶ 16, 21. On September 28, 2023, plaintiff submitted a Proof of Claim to defendant for $1,338,093.49. *Id*. ¶ 12. On December 4, 2023, defendant issued to plaintiff a Notice of Repudiation of the lease as of December 4, 2023. *Id*. ¶ 13. On January 26, 2024, defendant issued a Notice of Partial Allowance of Claim for $23,000.00 but disallowed the remaining $1,315,093.49 of plaintiff's claim. *Id*. ¶ 14.

On March 21, 2024, plaintiff filed a complaint for commercial lease damages under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821. Dkt. No. 1. Plaintiff seeks: unpaid base rent from September 29 to December 4, 2023 ($50,600.02); unpaid additional rent for property taxes from September 29 to December 4, 2023 ($11,146.68); unpaid additional rent for utilities/landscaping ($2,986.50); abated rent ($69,000.00); and attorney's fees (in excess of $10,000.00). *Id*. at 5. Plaintiff also requests 10% additional interest per year for all amounts past due. *Id*.

Defendant does not dispute that unpaid base rent, property taxes, and utilities/landscaping may be recoverable under FIRREA but moves to dismiss the request for abated rent, attorney's fees, and 10% interest, under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 21 ("Mot.") at 5-6.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

2

it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Plaintiff sues under 12 U.S.C. § 1821. Compl. ¶ 21. Section 1821(e)(4) governs leases inherited by the FDIC, where the banking institution was the lessee:

**(4) Leases under which the institution is the lessee**

**(A) In general**

If the conservator or receiver disaffirms or repudiates a lease under which the insured depository institution was the lessee, the conservator or receiver shall not be liable for any damages (other than damages determined pursuant to subparagraph (B)) for the disaffirmance or repudiation of such lease.

**(B) Payments of rent**

Notwithstanding subparagraph (A), the lessor under a lease to which such subparagraph applies shall—

(i) be entitled to the contractual rent accruing before the later of the date—
    (I) the notice of disaffirmance or repudiation is mailed; or
    (II) the disaffirmance or repudiation becomes effective,

3

>   unless the lessor is in default or breach of the terms of the lease;
>
>   (ii) have no claim for damages under any acceleration clause or other penalty provision in the lease; and
>
>   (iii) have a claim for any unpaid rent, subject to all appropriate offsets and defenses, due as of the date of the appointment which shall be paid in accordance with this subsection and subsection (i).

12 U.S.C. § 1821(e)(4). The statute thus allows a lessor to recover "contractual rent" accruing before the notice of repudiation. 12 U.S.C. § 1821(e)(4)(B)(i). The statute explicitly bars lessors from recovering damages under a "penalty provision" in the lease. *Id.* §1821(e)(4)(B)(ii).

Defendant argues the requests for abated rent, attorney's fees, and 10% additional interest are impermissible penalties, barred by FIRREA or sovereign immunity. Mot. at 6. The Court concludes plaintiff cannot recover abated rent or additional interest. However, attorney's fees may be recoverable under Ninth Circuit precedent.

**I.   Abated Rent Provision**

At issue is whether the "abated rent" provision in the lease agreement is a "penalty provision" (not recoverable under FIRREA) or a form of "contractual rent" (recoverable under FIRREA). *See* 12 U.S.C. §1821(e)(4)(B). The Court is persuaded that the abated rent provision here is a penalty provision. The motion to dismiss is thus granted as to the claim for rent abatement.

Plaintiff requests $69,000.00 pursuant to the abated rent provision of the lease agreement (Article 3.1).[1] Compl. ¶ 26. As relevant, Article 3.1 states:

>   … Notwithstanding anything contained in this Lease to the contrary, Landlord shall abate Monthly Base Rent for three (3) full calendar months following the Commencement Date ("Rent Abatement Period") in the monthly amount of $23,000.00 for a total sum of Sixty-Nine Thousand and NO/100 Dollars ($69,000.00) (the "Rent Abatement") as follows: the first full calendar month following the

---

[1] Because the lease agreement is attached to the complaint, and is incorporated by reference therein, the Court considers the lease at this stage without converting the motion to dismiss into a motion for summary judgment.

4

>Commencement Date; the thirty-six (36th) full calendar month of the Term; and the sixtieth (60th) full calendar month of the Term… If an Event of Default occurs during the Rent Abatement Period, then Tenant shall be entitled to no further abatement of Monthly Base Rent pursuant to this Section 3.1. If this Lease is terminated prior to the expiration of the Term in connection with an Event of Default that occurs any time from and after the Rent Abatement Period, then Tenant shall pay to Landlord the unamortized balance of any Rent Abatement credited against Monthly Base Rent.

Compl. Ex. A at 5. Plaintiff argues "the term 'Abated Rent' comprises of [sic] three months of contractual rent for the 'three months following the Commencement Date' of January 4, 2023 – i.e., February 2023, March 2023, and April 2023." Dkt. No. 27 ("Opp'n") at 1 (citing Article 3.1). Plaintiff alleges defendant thus owes $69,000 pursuant to Article 3.1, representing the three months of rent abatement credited in early 2023. *Id*.

Defendant argues the rent abatement provision is a penalty provision and therefore excluded from recovery under FIRREA. Defendant argues the rent abatement provision is effectively "a liquidated damages clause meant to account for lost future profits" because it is only charged if the lease terminates following a default. Mot. at 5. Defendant also argues that only one month accrued under this clause because the lease agreement lists the rent abatement periods as the 1st, 36th, and 60th full calendar months following the commencement date (January 4, 2023), and the lease terminated after the 1st month but before the 36th month. Dkt No. 28 ("Reply") at 3-4.

Though the parties disagree about how many months of rent abatement occurred, the Court need not reach this factual dispute. The parties agree that the Bank received at least one month of abated rent (for February 2023, totaling $23,000.00). Thus, regardless of whether the abated rent totaled one month or three months of rent, the Court is still tasked with determining whether abated rent is allowable under FIRREA at all.

None of the parties' citations directly address whether rent abatement provisions are "punitive" for purposes of § 1821. One district court, examining various other lease provisions, has explained the difference between "contractual rent" and "unpaid rent" (recoverable), and "penalty

5

provisions" (non-recoverable) as follows:

> [R]ecovery for "contractual rent," 12 U.S.C. § 1821(e)(4)(B)(i), which should be narrowly construed as "only . . . those sums that are fixed, regular, periodic charges," . . . expressly delineated in the lease may be recovered up until the later of either the date when the lessor received notice of the disaffirmance of the lease or the disaffirmance of the lease became effective, 12 U.S.C. § 1821(e)(4)(B)(i). Recovery for 'unpaid rent,' 12 U.S.C. § 1821(e)(4)(B)(iii), however, may only be recovered up to the "date of the appointment" of the receiver, *id.*, which necessarily occurs before the repudiation of the lease.  While the FIRREA does little, if anything, to illuminate the subtle yet important differences between contractual rent and unpaid rent, it is quite clear that the FIRREA does not permit a lessor's recovery for future rents or penalties.

*Qi v. F.D.I.C.*, 755 F. Supp. 2d 195, 201 (D.D.C. 2010) (citations omitted).

The Court is not persuaded by plaintiff's argument that the rent abatement repayment is "contractual rent." *Qi* suggests the term "contractual rent" must be "narrowly construed as 'only . . . those sums that are fixed, regular, periodic *charges*,' . . . expressly delineated in the lease" *Id.* (quoting *First Bank Nat'l Ass'n v. FDIC*, 79 F.3d 362, 369 (3d. Cir. 1996)) (emphasis added). Though the rent here was abated at fixed intervals, what accrued under the rent abatement provision was not a "charge" but, by definition, the lack of a charge. Under the lease here, the abated rent credited to the lessee is only repaid by the lessee if the lease is terminated in connection with a default. Additionally, plaintiff's own explanation of the rent abatement provision effectively describes a punitive provision. *See* Compl. ¶ 26. Plaintiff's description states, "Landlord agreed to Abate Rent in the amount of $69,000, however, if the Lease is terminated prior to the expiration of the term in connection with an Event of Default, as is the case here, Tenant/Defendant agreed to pay to Landlord the unamortized balance of any Rent Abatement credited against Monthly Base Rent." *Id*. The Court has little difficulty under the facts here in finding that repayment of the abated rent is properly categorized as a "penalty" rather than as "contractual rent" owed.

In sum, plaintiff's argument that abated rent is recoverable under § 1821 is unpersuasive

6

because it does not fit the narrow definition of "contractual rent."[2] *See Qi*, 755 F. Supp. 2d at 201. The rent abatement provision is instead a "penalty provision" designed to penalize the tenant for terminating the lease. The Court grants the motion to dismiss the claim for abated rent from the complaint because the relevant portion of FIRREA provides "no claim for damages under any. . . penalty provision." *See* 12 U.S.C. § 1821(e)(4)(B)(ii).

## II. Attorney's Fees

Defendant moves to dismiss the request for attorney's fees, arguing attorney's fees are impermissible penalties under § 1821(e)(4). Mot. at 6. Plaintiff counters that "FIRREA provides what <u>damages</u> are recoverable" but "attorney's fees and costs are <u>not damages</u> but a recoverable <u>element of costs</u>." Opp'n at 2.

The Court denies the motion to dismiss the request for attorney's fees. Attorney's fees against the FDIC are not precluded as a matter of law in the Ninth Circuit, *see, e.g., Fed. Deposit Ins. Corp. v. Meo*, 505 F.2d 790, 793 (9th Cir. 1974), and the lease agreement here permits an award of reasonable attorney's fees to the prevailing party. *See* Compl. Ex. A at 15 (Article 9.7).

The only case that defendant cites in its motion did not mention attorney's fees. *See* Mot. at 6 (citing *New Hampshire Assocs. Ltd. P'ship v. F.D.I.C.*, 978 F. Supp 650, 656-57 (D. Md. 1997)). In that case, the District of Maryland declined to award the lessor "late fees, which the lease designate[d] . . . as a 'Late Payment Penalty.'" *New Hampshire Assocs.*, 978 F. Supp at 656-57. Defendant's reply brief also cites *Monrad v. F.D.I.C.*, 62 F.3d 1169, 1175 (9th Cir. 1995). *See*

---

[2] Plaintiff does not appear to argue that the abated rent is recoverable as "unpaid rent," though at one point plaintiff uses the term "unpaid contractual rent." *See* Opp'n at 2. If plaintiff is arguing that the abated rent should be considered "unpaid rent," the Court likewise rejects this argument. Section 1821(e)(4)(B)(iii) permits recovery of "unpaid rent, subject to all appropriate offsets and defenses, *due as of the date of the appointment* . . . ." 12 U.S.C. § 1821(e)(4)(B)(iii) (emphasis added). The abated rent repayment clause would not have been triggered until default, and it is undisputed that default had not occurred as of the date of the FDIC's appointment.

7

Reply at 5. That case involved a different provision of FIRREA, 12 U.S.C. § 1821(d), where former bank employees sought severance pay. There, the Ninth Circuit reversed the award of attorney's fees to the plaintiffs, finding that federal common law controlled the state claims and that, "[u]nder the American rule, generally applicable in federal litigation, each side shall pay its own attorney fees." *Monrad*, 62 F.3d at 1175 (quoting *Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374, 1379 (9th Cir. 1994)). Unlike in *Monrad*, however, here there is a contract providing for attorney's fees to the prevailing party. *See* Compl. Ex. A at 15. It is well settled that the default "American rule" can be overcome by statute or enforceable contract allocating attorney's fees. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). At minimum, the Court cannot say at this early stage that attorney's fees are unavailable as a matter of law and therefore denies the motion to dismiss the fee request.

### III.     10% Additional Interest

Plaintiff's prayer for relief requests "[i]nterest at the rate of ten percent (10%) per year for all amounts past due from the date they were due at the time of the award[.]" Compl. at 5. Defendant argues sovereign immunity bars an award of interest against the FDIC. Mot. at 6. Plaintiff does not directly address this argument in its papers but instead argues that the request for interest is not subject to dismissal under Rule 12(b)(6) because it appears in the prayer for relief. Opp'n at 6.

The Court grants the motion to dismiss plaintiff's request for 10% additional interest because sovereign immunity "generally bars an award of interest against a federal agency 'unless Congress affirmatively mandates that result[.]'" *Far West Fed. Bank, S.B. v. Office of Thrift Supervision-Dir.*, 119 F.3d 1358, 1366 (9th Cir. 1997) (quoting *Library of Congress v. Shaw*, 478 U.S. 310, 316 (1986)); *see also Battista v. F.D.I.C.*, 195 F.3d 1113, 1120 (9th Cir. 1999) (confirming that *Far West* held "that sovereign immunity bars an award of interest against the FDIC"). "Congress has never expressly waived FDIC's immunity against prejudgment interest" but there is an exception when the

8

government agency has "assumed the status of a commercial enterprise." *Far West*, 119 F.3d at 1366. Unlike some other agencies such as the Postal Service, "the FDIC operates as a governmental, regulatory entity, not as a private commercial enterprise." *Id*. "[B]ecause FDIC is not a commercial entity and because Congress has not explicitly waived its immunity against interest, FDIC is not subject to a prejudgment interest award." *Id*. at 1367. The Court will dismiss the request for ten percent interest from the complaint.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART the motion to dismiss. The Court GRANTS the motion to dismiss the request for abated rent and additional interest, without leave to amend, and DENIES the motion to dismiss the request for attorney's fees.

**IT IS SO ORDERED**.

Dated: October 4, 2024

SUSAN ILLSTON
United States District Judge