UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 505 SFD, LLC,<br><br>        Plaintiff,<br><br>     v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>        Defendant. | Case No. 24-cv-01751-SI<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 56 |

Now before the Court is defendant's motion to dismiss portions of the First Amended Complaint. The Court held a hearing on the matter on July 11, 2025. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff 505 SFD, LLC owns 505 Sir Francis Drake Boulevard, a commercial property in Greenbrae, California. Dkt. No. 53 ("FAC") ¶ 1. First Republic Bank ("the Bank") leased the premises from plaintiff beginning on January 4, 2023. *Id.* ¶¶ 2, 4. The lease was set to expire approximately 10 years later. *Id.* ¶ 4. However, on May 1, 2023, the Commissioner of Financial Protection and Innovation of the State of California closed the Bank and appointed defendant Federal Deposit Insurance Corporation ("FDIC-R") as receiver. *Id.* ¶ 5. FDIC-R assumed the Bank's responsibilities, including the lease of the premises. *Id.*

On September 1, 2023, plaintiff submitted a Proof of Claim to defendant for rent owed under

the lease "in the amount of at least $1,338,093.49 to $5,086,970.71."[1] *Id.* ¶ 35. The deadline to submit claims was September 5, 2023. *Id.* ¶ 34. On December 4, 2023, defendant gave plaintiff a Notice of Repudiation of the lease as of December 4, 2023. *Id.* ¶ 31. On January 26, 2024, defendant issued plaintiff a Notice of Partial Allowance of Claim for $23,000.00 but disallowed plaintiff's claim "in the amount of $1,315,093.49 (despite Plaintiff's claim being $5,086,970.71)." *Id.* ¶¶ 8, 36.

On March 21, 2024, plaintiff filed a complaint in this Court for commercial lease damages under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821. Dkt. No. 1. In the original complaint, plaintiff sought unpaid base rent from September 29 to December 4, 2023 ($50,600.02); unpaid additional rent for property taxes from September 29 to December 4, 2023 ($11,146.68); unpaid additional rent for utilities/landscaping ($2,986.50); abated rent ($69,000.00); and attorney's fees (in excess of $10,000.00). *Id.* ¶¶ 23-27. Plaintiff also requested 10% additional interest per year for all amounts past due. *Id.* at 5.

On October 4, 2024, the Court granted in part and denied in part defendant's motion to dismiss. The Court dismissed the request for abated rent and additional interest without leave to amend, finding that the "rent abatement" was an impermissible penalty under FIRREA, and that sovereign immunity generally bars an award of interest against a federal agency. Dkt. No. 30 at 7, 9. The Court declined to dismiss the request for attorney's fees at that stage. *Id.* at 8. As defendant now observes, the Court's order "render[ed] this case a dispute over approximately $64,733.20 in alleged unpaid rent under the Lease . . . ."

On April 11, 2025, plaintiff moved to amend its complaint under Federal Rule of Civil Procedure 15. Dkt. No. 46. The Court granted plaintiff's motion, and the amended complaint was filed on May 16, 2025. Dkt. Nos. 53, 54. The FAC alleges that defendant breached the lease by "repudiating. . ., failing to make a timely repudiation, failing to make payments required by the Lease, and [failing to] restore the condition of the Premises." *Id.* ¶ 59. Accordingly, plaintiff seeks

---

[1] Plaintiff's FAC and defendant's motion to dismiss both give two different dates (September 1, 2023, and September 28, 2023) for when plaintiff submitted the Proof of Claim. *See* FAC ¶¶ 7, 35; Dkt. No. 56 ("Mot.") at 2, 4, 9. From the context of the discussion and the attachment defendant provides, it appears the correct date was September 1, 2023.

2

an order from this Court to that effect, as well as damages including but not limited to "Base Rent, Additional Rent, Restoration Damages, Brokers Fees, late fees, special damages," and attorney's fees, among other remedies. *See* FAC at 14. The FAC asserts the following claims for relief: (1) declaratory relief pursuant to 28 U.S.C. § 2201, that FDIC-R's disallowance of plaintiff's claim was invalid and that the lease is in full force and effect; (2) damages for breach of the lease agreement, for approximately $5,011,978.99; and (3) unlawful takings without just compensation, in violation of the Fifth Amendment.

Defendant moves to dismiss the FAC "in part, as to Plaintiff's first, second, and third causes of action for damages based on alleged unconstitutional acts and/or delayed repudiation of the underlying lease." Not. of Mot. at 1. Defendant argues the Court lacks subject matter jurisdiction over these theories of liability, under Federal Rules of Civil Procedure 12(b)(1), because plaintiff failed to administratively exhaust its claims under the process laid out by FIRREA.

The Court heard argument on the motion on July 11, 2025. At the hearing, plaintiff requested leave to file a sur-reply, which the Court granted. Plaintiff has now filed that sur-reply, Dkt. No. 64, and the Court has reviewed and considered the new filing.

**LEGAL STANDARD**

"It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981) (citations omitted).

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A complaint will be dismissed if, looking at the

3

complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual."). Where a Rule 12(b)(1) motion mounts a factual attack on jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039 (9th Cir. 2004) (citations omitted).

**DISCUSSION**

Defendant argues that plaintiff did not properly exhaust the administrative claims process because the proof of claim plaintiff filed with FDIC-R did not provide fair notice of the "facts and legal theories" on which the new claims in the FAC are based. Mot. at 1. Plaintiff counters that this Court has jurisdiction over the added claims because plaintiff's "proof of claim seeks the *same* amount of lease damages, is based on the same contract and involves the same liability" as the claims now presented in the FAC. Dkt. No. 60 ("Opp'n") at 2.[2] Plaintiff further argues that because defendant repudiated the lease after the claims deadline had passed, the exhaustion requirement does not apply to those claims. *Id.* at 16.

FIRREA "provides for an administrative claims process against financial institutions insured by the Federal Deposit Insurance Corporation." 2 West's Fed. Admin. Prac. § 1739.50. This process requires a claimant to present its claims to the FDIC as receiver "together with proof" by a specified date. 12 U.S.C. § 1821(d)(3)(B)(i). The FDIC as receiver then has the authority to allow, disallow, and/or pay claims made against the failed financial institution. *Id.* § 1821(d)(5)(A). If the FDIC disallows a claim, "the claimant may request administrative review of the claim . . . or file

---

[2] In their arguments, both sides rely on the Proof of Claim attached as Exhibit 1 to the Holmes Declaration filed in support of defendant's motion. Neither side disputes that the exhibit is the proof of claim that plaintiff filed in September 2023. *See* Dkt. No. 56-1, Holmes Decl., Ex. 1 ("Proof of Claim"); Opp'n at 6 ("[t]he POC, its contents, and the disallowance are not in dispute."). Because the parties dispute the key jurisdictional fact of whether or not plaintiff administratively exhausted, and because there is no dispute over the Proof of Claim's authenticity, the Court finds it appropriate to consider the Proof of Claim in ruling on today's motion. *See Safe Air*, 373 F.3d at 1039.

4

suit on such claim" in the district court. *Rundgren v. Wash. Mut. Bank, FA*, 760 F.3d 1056, 1061 (9th Cir. 2014) (citing 12 U.S.C. § 1821(d)(6)(A)(ii)).

FIRREA "strips courts of jurisdiction" over claims that have not been filed through this process. *Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 538 (9th Cir. 2019) (citing 12 USC § 1821(d)(13)(D)). "The Ninth Circuit has interpreted this provision to be a jurisdictional exhaustion requirement." *Id.* (citing *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211-12 (9th Cir. 2012)). FIRREA's jurisdictional bar applies where three elements are met: "There must be (1) a 'claim' that (2) relates to 'any act or omission' of (3) 'an institution for which the [FDIC] has been appointed receiver.'" *Id.* (quoting *Rundgren*, 760 F.3d at 1061).

The dispute here is whether or not plaintiff properly presented this "claim" at the administrative stage. In *Rundgren*, the Ninth Circuit examined what constitutes a "claim" for FIRREA exhaustion purposes. Given that FIRREA "does not define the term 'claim' for the purposes of exhaustion, . . . we use the ordinary meaning of the term." 760 F.3d at 1061 (citations omitted). "A 'claim' is a cause of action or the aggregate of facts that gives rise to a right to payment or an equitable remedy." *Id.* (citing Black's Law Dictionary 281-82 (9th ed. 2009); Black's Law Dictionary 247 (6th ed. 1991)). Thus, the Ninth Circuit affirmed the district court's ruling that it lacked jurisdiction over the claims brought by homeowners who alleged mortgage fraud against the failed bank but who had not administratively exhausted these claims. The court found the complaint alleged claims "relating to any act or omission" of the failed financial institution and the plaintiffs "have not explained why their claims are not susceptible of resolution through the administrative process[.]" *Id.* at 1065 (citing *McCarthy v. FDIC*, 348 F.3d 1075, 1081 (9th Cir. 2003)). The court relied in part on its decision in *McCarthy*, in which the Ninth Circuit held that "apart from claims made in connection with bankruptcy proceedings or arising out of a breach of contract fully performed by the aggrieved party but not repudiated by the receiver, all claims or actions [against a failed bank] must be submitted for administrative resolution." *See id.* at 1062.

District courts within the Ninth Circuit have dismissed claims under FIRREA where not properly exhausted through a proof of claim at the administrative stage. In *Schoenmann*, for instance, Judge Breyer of this district dismissed several new claims in the amended complaint,

5

1   agreeing with the FDIC that the plaintiff "failed to exhaust these claims because she 'failed to
2   include [them], or anything remotely resembling them, in her receivership proof of claims."
3   *Schoenmann v. F.D.I.C*, No. 10-cv-03989-CRB, 2012 WL 3834943, at *7-8 (N.D. Cal. Sept. 4,
4   2012); *see also Hoover v. Fed. Deposit Ins. Corp.*, No. SACV 09-0750 (RNBX), 2010 WL
5   11558151, at *7 (C.D. Cal. Apr. 5, 2010) ("asserting a cause of action in the complaint that is
6   separate, distinct, and reliant on a separate body of law and proof from the cause of action in the
7   proof of claim may be sufficient to bar relief for lack of fair notice of the legal theory of the claim
8   to the FDIC") (citation omitted).

9   By contrast, Judge Freeman of this district recently allowed numerous counts to proceed
10  against the FDIC as receiver for Silicon Valley Bank, where the plaintiff's proof of claim submitted
11  through the administrative process "included detailed factual allegations[.]" *See SVB Fin. Group v.
12  Fed. Deposit Ins. Corp.*, No. 24-cv-01321-BLF, 2024 WL 4923542, at *5 (N.D. Cal. Nov. 29, 2024).
13  In denying in part the 12(b)(1) motion to dismiss certain counts, the court reasoned that the proof of
14  claim provided the defendant with sufficient "notice of the counts alleged" in the complaint. *Id.*
15  The proof of claim contained, *inter alia*, facts detailing how the FDIC restricted the plaintiff's access
16  to its account with the failed banking institution and alleging that while the plaintiff's accounts were
17  placed on hold the defendant "permitted other depositors to access their deposits." *Id.* Judge
18  Freeman observed that "the FIRREA exhaustion requirement does not 'limit a plaintiff's district
19  court case to the *causes of action* alleged during the administrative process[;]'" nevertheless, "what
20  matters is whether the administratively presented claims provide[d] the FDIC with adequate notice
21  of the claims later brought in the lawsuit." *Id.* (quoting *Jafari v. Fed. Deposit Ins. Corp.*, No. 12-
22  cv-2982, 2015 WL 3604443, at *3 (S.D. Cal. June 8, 2015)) (internal quotation marks omitted).

23  Here, the Court finds that the new counts/legal theories should have been but were not
24  properly exhausted through the administrative claims procedure. The substance of plaintiff's Proof
25  of Claim consists largely of a one-page chart with columns labeled "Description," "Date," "Amount
26  Due," and "Notes." *See* Proof of Claim, Ex. B. Unlike the proof of claim in *SVB Fin. Group*,
27  plaintiff's proof of claim here merely contains a table with descriptions of the amounts sought under
28  the lease and the dates each amount was due, with minimal descriptions such as "Unpaid Additional

6

Rent" and "Tenant Repair Work." *See* Proof of Claim, Ex. B. The proof of claim does not mention defendant's 'untimely' repudiation of the lease or facts giving rise to a constitutional violation. Similarly, a review of the underlying proof of claim in *Schoenmann*, where Judge Breyer found certain theories in the amended complaint had not been exhausted, shows that the proof of claim filed there is far more detailed than what we have here: the *Schoenmann* plaintiff submitted several pages of text explaining the legal bases and possible claims for the plaintiff's recovery, along with a chart of potential damages. *See Schoenmann v. Fed. Deposit Ins. Co.*, No. 10-cv-3989-CRB, Dkt. No. 1, Ex. C (N.D. Cal. Sept. 7, 2010). Here, we have just the chart of potential damages.

Plaintiff relies on out-of-circuit authority to contend that the claims in the FAC and in the proof of claim are the "same claims" because they seek the same amounts under the same lease. *See* Opp'n at 10, 12-14. The Middle District of Florida, for instance, rejected the FDIC's argument that the plaintiff's claim was barred by a failure to exhaust administrative remedies. *Telecenter, Inc. v. FDIC ex rel. First Commercial Bank of Tampa Bay*, No. 8:12-CV-543-T-36TGW, 2015 WL 403186, at *6 (M.D. Fla. Jan. 28, 2015). That court found the plaintiff was not required to specify "causes of action in the administrative process" and that outlining the amount sought under the CD was sufficient to satisfy the exhaustion requirement. *Id.* Notably, here plaintiff's brief does not address some of the key Ninth Circuit authority on FIRREA claim exhaustion, including *Rundgren*. Under the Ninth Circuit's reading of "claim" in FIRREA, plaintiff should have presented either "a cause of action or the aggregate of facts that gives rise to a right to payment or an equitable remedy." *See Rundgren*, 760 F.3d at 1061. Plaintiff's Proof of Claim did neither.

Nor is the Court persuaded by plaintiff's argument that it could not have administratively exhausted the claims presented in the FAC because the deadline to file claims had already passed when the FDIC repudiated the lease. According to the FAC, plaintiff filed its Proof of Claim on September 1, 2023, days before the claims deadline, and the FDIC-R did not repudiate the lease until December 4, 2023.[3] FAC ¶¶ 31, 34-35. Plaintiff argues that the claims bar deadline would not

---

[3] The FAC contains what the Court presumes is a typo in the date, stating plaintiff filed the Proof of Claim on September 1, 2024. *See* FAC ¶ 35. The timeline of events and the Proof of Claim itself indicate that plaintiff filed the Proof of Claim on September 1, 2023.

7

permit plaintiff to amend its claim after the deadline passed. *See* Opp'n at 16. The Ninth Circuit rejected a similar argument in *McCarthy*. *See* 348 F.3d at 1080-81. There, the plaintiff argued that the exhaustion requirement did not apply because the claims the plaintiff was suing on stemmed from conduct that arose *after* the FDIC was appointed as receiver. The Ninth Circuit joined a majority of circuits in holding that claims that arise post-receivership are still "susceptible of resolution through the administrative claims procedure." *Id.* at 1081. In affirming the district court's 12(b)(1) dismissal, the Ninth Circuit noted that "the FDIC has interpreted [FIRREA] . . . to permit late filing by those whose claims do not arise until after the deadline has passed" to file their proof of claim after the deadline. *Id.* (citing 12 U.S.C. § 1821(d)(5)(C)(ii); *Heno v. FDIC*, 20 F.3d 1204, 1209 (1st Cir. 1994)). The *McCarthy* court expressly declined to join the Tenth Circuit, which "has gone the other way . . . primarily on the basis that the statutory time limit for presenting claims renders the administrative process unavailable for post-receivership claims." *Id.* 1080-81 (citing *Homeland Stores, Inc. v. Resolution Trust Corp.*, 17 F.3d 1269, 1272-75 (10th Cir. 1994)). Plaintiff's sur-reply urges that *McCarthy* is inapplicable, because that case did not address claims that arise after the claims bar deadline and because *McCarthy* relied on case law that in turn relied on the now-overturned *Chevron* doctrine. Dkt. No. 64 at 1, 3-4.

The Court need not opine on the continuing viability of *McCarthy* because, under the facts presented here, plaintiff should have presented its new theory about an untimely lease repudiation to the FDIC-R before bringing claims based on that theory to this Court. A review of the record shows that the FDIC-R's letter repudiating the lease states—in the subject heading and in the body of the letter—that plaintiff had 90 days *from the repudiation date* to file a Proof of Claim related to the repudiation. *See* Dkt. No. 56-2, Coburn Decl., Ex. A.[4] Moreover, plaintiff's Proof of Claim itself included an August 14, 2023 letter from the FDIC-R, stating, "it is likely that the Receiver will choose to repudiate or disaffirm the Lease as soon as it is able to wind up its operations at the Premises following the Assuming Institution's closure of its operations there." Holmes Decl., Ex. 1 at Ex. C. Elsewhere, the letter indicates that the Assuming Institution intended to conclude

---

[4] Plaintiff has not challenged the authenticity of this document and the Court will consider it. *See* n.2, *supra*.

8

1   operations by September 28, 2023. *Id.* Thus, several weeks before the claim deadline ran, plaintiff
2   had notice that the FDIC-R was "likely" to repudiate the lease.

3   Finally, plaintiff's argument that the claim for roughly $5 million in damages should remain
4   in the case irrespective of any delayed repudiation is not well taken. Plaintiff argues that even if
5   "the First, Second and Third Claims removed *any* reference to repudiation, Plaintiff's claims would
6   remain that the Plaintiff is owed Rent under the Lease, and the FDIC breached the Lease by refusing
7   to pay the sums identified in the POC." Opp'n at 16. All three claims in the FAC are premised on
8   the allegation that defendant did not timely repudiate the lease and so the lease remains in full force
9   and effect. None of these claims can be separated from that factual allegation, which this Court has
10  found was not properly exhausted. The allegation of the untimely repudiation constitutes a "claim"
11  under Section 1821(d), as it is a "fact[] giving rise to the right of payment or an equitable remedy."
12  *See Rundgren*, 760 F.3d at 1065. And as this legal theory was not first presented through the
13  administrative claims process via plaintiff's Proof of Claim, this Court lacks jurisdiction to hear it
14  under Section 1821(d).

15  Nevertheless, the Court will allow plaintiff one last opportunity to amend. The deficiencies
16  in the amended complaint could possibly be cured through amendment, and defendant does not
17  dispute that *some* amount of damages are at play stemming from the lease repudiation. In amending,
18  the Court cautions plaintiff not to include theories or damages stemming from a theory that the lease
19  was repudiated too late, as this Order finds that theory was not properly exhausted through the
20  administrative claims process.

**CONCLUSION**

The Court GRANTS defendant's motion to dismiss the FAC for lack of jurisdiction over the new legal claims and theories presented in the FAC. The first and third claims, which are based on a theory of untimely repudiation of the lease, are dismissed with prejudice. Plaintiff is given leave to amend its breach of contract claim, within the limits stated above.

///

///

The Second Amended Complaint shall be due August 8, 2025.

**IT IS SO ORDERED**.

Dated: July 25, 2025

_____
SUSAN ILLSTON
United States District Judge